## Commonwealth v. Stathas

*Michael Hanna*, for Commonwealth.

*Vincent R. Massock*, for defendant.

WEINER, J., May 2, 1957.—At the above number and term, Edward Stathas was indicted on a charge of violating the Liquor Code of April 12, 1951, P. L. 90, sec. 494, 47 PS §4-494. The record disclose that an information was made on January 29, 1957, and a warrant was issued and served the same day for a hearing to be held on January 30, 1957, at 2 p.m. The record further shows that defendant waived a hearing and was held for the *next* term of court.

The *next* term of court was the February term beginning, under the rules of our court, on the second Monday of February or February 11, 1957. Actually the grand jury for that session of court had been convened and had begun its duties on January 28, 1957.

By implication, when defendant waived a hearing on January 30, 1957, and was held for the *next* term of court, he had the right to expect that his case would be considered at the next succeeding grand jury which was not to be convened or to begin its duties until April 22, 1957, for the May term of court, starting the first Monday of May, or May 6, 1957.

Notwithstanding this fact, and in violation of his constitutional right to challenge the array of the grand jurors which was to consider his case, the matter was laid before the grand jury which was then in session. On January 31, 1957, a true bill was returned on the indictment presented. Defendant promptly moved to quash this indictment, and the matter is now before the court for consideration on that motion.

The basis of the motion to quash is that the constitutional rights of defendant were seriously impaired and infringed, principally because of the failure to afford him an opportunity to challenge the array of the grand jurors.

In a lengthy opinion of Brownson, P. J., found in Commonwealth v. Hay, at no. 318, November term, 1927, reported in 11 Wash. Co. 44, this able jurist, on a similar motion to quash for the same reason, fully explained the proposition of the law involved, to wit, that in the absence of a pressing necessity, the laying of a bill of indictment before the grand jury other than that which defendant had the right to expect, without notice of any kind to defendant, is irregular and such an indictment, so found, must be quashed.

Even though it was argued in that case that it was necessary to lay that bill before the grand jury to prevent the statute of limitations from expiring, the court pointed out that this was not such a necessity so as to justify proceeding without notice to defendant, where he was within the jurisdiction and his residence was known. We must hold, in line with that case, and

the numerous appellate decisions cited by Judge Brownson in support thereof, that no such absolute necessity existed in this case to justify laying this bill of indictment before the grand jury then sitting, since the record discloses that defendant was within the jurisdiction and his residence was known. The following quote from the case of Commonwealth v. Hay is sufficient to explain the constitutional right of defendant involved:

"The reason why the cases hold that the defendant is entitled to know in advance what grand jury is to pass upon a bill against him, is that he has a right to have an opportunity to make challenges either to the array or to the competency of individual members of that body. Such right has been recognized as existing in Pennsylvania: Com. v. Craig, 19 Pa. Super. Ct. 81, 93. 'This right of challenge may not have importance equal to some others, but it is, nevertheless, a legal safe-guard of some importance to the citizen, of which he is not to be deprived, unless some provision of law authorizes or adequate necessity requires it': Rice, P. J., in Commonwealth v. Kohle, 2 Kulp, 329, 330, 331. In order to insure adequate opportunity for the exercise of this right, the legislature has provided for the posting in the clerk's office of a list of the persons drawn as jurors, 'for the inspection of all persons concerned': sec. 123, Act of April 14, 1834, P. L. 333. But, unless he has notice of some sort that his case is to be considered by a particular grand jury, a defendant does not know that he is a 'person concerned' to inspect the list returned and posted."

In addition to the foregoing, it should be pointed out that this right of challenge referred to, if it is to be exercised at all, *must* be exercised *before* the jurors are sworn. Since the grand jury in question was sworn on the morning of January 28, 1957, and defendant was not arrested until January 29, 1957, his right to

exercise the privilege afforded him as to this grand jury, which acted upon his indictment, had already been lost.

There is an implied recognition of this right of challenge prior to the convening and swearing of a grand jury in the rules of this court which requires that the district attorney shall prepare and post on the bulletin board in the office of the clerk of the quarter sessions and in the waiting room of the district attorney's office, the list of cases coming before the grand jury. This list must give the name of defendant, the charge against him and the date it will be presented to the grand jury. The rule further requires that the list shall be posted on the Friday *preceding* the convening of the grand jury, and no case shall be laid before the grand jury except those so listed, until personal notice thereof is given to defendant.

While diligence on the part of the district attorney in the prosecution of any case should be commended, that diligence in every case must be exercised with proper regard for the constitutional right and privileges of defendant. For the reasons explained above, we are of the opinion that the motion to quash must be granted.

### Order

And now, May 2, 1957, it is hereby ordered and decreed that the indictment found against defendant, Edward Stathas, at no. 189, February sessions, 1957, be and the same is hereby quashed.

Defendant having claimed that the information originally made in this case was altered after defendant waived the matter for court, the district attorney is directed to cause a new and proper information to be made or to prepare a new bill of indictment on the information originally made against this defendant, and present the same before the next grand jury.